**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF IOWA  
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| THOMAS SCOTT DAVIS,<br><br>      Plaintiff,<br><br>vs.<br><br>KENNETH LEE SIMMONS and CON-WAY FREIGHT, INC.,<br><br>      Defendants. | No. 13-CV-92-LRR |
| ELIBAH FRANKLIN,<br><br>      Plaintiff,<br><br>vs.<br><br>KENNETH LEE SIMMONS and CON-WAY FREIGHT, INC.,<br><br>      Defendants.<br><br>and<br><br>CON-WAY FREIGHT, INC., and KENNETH LEE SIMMONS,<br><br>      Third-Party Plaintiffs,<br><br>vs.<br><br>THOMAS SCOTT DAVIS,<br><br>      Third-Party Defendant. | No. 13-CV-93-LRR |

*TABLE OF CONTENTS*

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
II.  RELEVANT PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . *3*
III. RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . *4*
IV.  ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    A.   Franklin *Remand*. . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        1.   *Parties' arguments.* . . . . . . . . . . . . . . . . . . . . . . . *5*
        2.   *Applicable law.* . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        3.   *Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
            i.   *Federal question jurisdiction.* . . . . . . . . . . . . . . . *9*
            ii.  *Diversity jurisdiction.*. . . . . . . . . . . . . . . . . . . *10*
    B.   Davis *Remand.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
    C.   *Attorney's Fees.* . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
        1.   *Parties' arguments.* . . . . . . . . . . . . . . . . . . . . . . *11*
        2.   *Applicable law.* . . . . . . . . . . . . . . . . . . . . . . . . *13*
        3.   *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . *16*
V.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *19*

## I. INTRODUCTION

The matters before the court are Defendants and Third-Party Plaintiffs Con-Way Freight, Inc. ("Con-Way") and Kenneth Lee Simmons's (collectively, "Defendants") "Motion to Remand" (docket no. 39) and Defendants' "[Second] Motion to Remand" (No. 13-CV-92, docket no. 21) (collectively, "Motions").[1] The Motions are identical. This

---

[1] On February 25, 2014, Chief Magistrate Judge Jon S. Scoles granted Defendants' Motion to Consolidate Cases, which they filed in *Davis v. Simmons et al.*, No. 13-CV-92-LRR (hereinafter, *Davis*) (No. 13-CV-92, docket no. 10), on January 14, 2014, and which they filed in *Franklin v. Simmons et al.*, No. 13-CV-93-LRR (hereinafter, *Franklin*) (docket no. 24), on February 6, 2014. February 25, 2014 Order (docket no. 26). The February 25, 2014 Order consolidated the cases for all purposes, including trial. Unless otherwise noted, documents referenced and docket numbers cited in this Order correspond to *Franklin*.

case arises from an August 2011 truck-motorcycle accident in which a truck owned by Con-Way and driven by Simmons, who was employed by Con-Way, collided with a motorcycle driven by Plaintiff and Third-Party Defendant Thomas Scott Davis. Plaintiff Elibah Franklin was a passenger on the motorcycle.

## II. RELEVANT PROCEDURAL HISTORY

On July 19, 2013, Franklin filed a Petition ("Complaint") (docket no. 3) in the Iowa District Court for Cedar County, Case No. LACV035270. In the Complaint, Franklin asserts five claims: (1) negligence against Simmons; (2) negligence against Con-Way; (3) negligent entrustment against Con-Way; (4) punitive damages against Con-Way; and (5) negligent hiring and retention against Con-Way. On July 22, 2013, Davis filed a Petition (No. 13-CV-92, docket no. 3) in the Iowa District Court for Cedar County, Case No. LACV035273, asserting identical claims against Simmons and Con-Way. On September 13, 2013, Defendants removed both of these actions to this court on the basis of diversity jurisdiction. *See* Notice of Removal (docket no. 1); Notice of Removal (No. 13-CV-92, docket no. 1).

On June 20, 2014, Defendants filed the Motions. On July 7, 2014, Franklin filed an "Opposition To Motion To Transfer" ("Resistance") (docket no. 42). On that same date, Davis, as Third-Party Defendant in *Franklin*, filed a Consent to Remand *Franklin* (docket no. 43). In the event that the court remands *Franklin*, Davis also consents to the remand of *Davis*.[2] *See* Motions at 6. On July 10, 2014, Defendants filed a Reply (docket

---

[2] Franklin is not a party to *Davis*. Therefore, each party in *Davis* consents to the remand of *Davis* if *Franklin* is remanded for lack of subject matter jurisdiction. The remainder of the instant Order primarily addresses whether it is appropriate to remand *Franklin* and whether it is appropriate to award attorney's fees.

3

no. 45).³ Defendants request oral argument, but the court finds that it is unnecessary. The Motions are fully submitted and ready for decision.

### III. RELEVANT FACTUAL BACKGROUND

In the Complaint, Franklin's name is listed as "Elibah Franklin" and her address is listed as 1584D Patton Court, Rock Island, Illinois, 61701. *See* Complaint ¶ 1.

On June 3, 2014, Franklin testified in a deposition that she moved to 2901 Chateau Knolls, Bettendorf, Iowa, at the end of June 2012, six months prior to marrying Robert Bey. Franklin's Deposition (docket no. 39-2) at 11-12. At the time she moved to Bettendorf, Franklin lived with her child, Kyla Franklin, and she was pregnant with her daughter, Aliyah Bey, who was born on August 10, 2012. *Id.* at 12-13. Franklin testified that she continues to live at the Bettendorf address and that she lived there on July 19, 2013, the date the Complaint was filed. *Id.* at 11, 15. Franklin confirmed that the Bettendorf address was not a temporary address but a permanent one, given that she still lived there as of the date of the deposition, that is, June 3, 2014. *Id.* at 13. Franklin stated that she did not have any other home in July 2013 and that it was her primary residence at that time. *Id.* at 14. At the deposition, Defendants' counsel showed Franklin the Complaint, and Franklin testified that she had not seen it before. *Id.* at 14. Franklin stated that on the date the Complaint was filed, that is, July 19, 2013, her name was not Elibah Franklin as indicated in the Complaint, but that it was Elibah Bey.⁴ *Id.* at 14-15. Franklin also testified that the address listed on the Complaint, that is, 1584D Patton Court, Rock Island, Illinois, 61701, was not her address on July 19, 2013; rather, Franklin

---

³ On that same date, Defendants filed an identical Reply (No. 13-CV-92, docket no. 25) in *Davis*.

⁴ Although Plaintiff Elibah Franklin's current name is Elibah Bey, the court refers to her as Franklin because the caption of the case still lists her as Elibah Franklin.

4

confirmed that she lived at the Bettendorf address on the date the Complaint was filed. *Id.* at 15.

## IV. ANALYSIS

In the Motions, Defendants request that the court remand *Franklin* to state court for lack of subject matter jurisdiction and that the court remand *Davis* to state court because the parties in *Davis* consent to such remand. Defendants also request an award of attorney's fees and other costs resulting from the removal of both cases pursuant to 28 U.S.C. § 1447(c). The court first addresses the arguments relating to Defendants' request that the court remand *Franklin* and *Davis* to state court and then addresses Defendants' request for attorney's fees.

### A. Franklin *Remand*

#### 1. *Parties' arguments*

In the Motions, Defendants allege that Franklin made three false statements in the Complaint, including that Franklin was a resident of Rock Island, Illinois and that Franklin's name was Elibah Franklin. Defendants state that in Franklin's deposition, Franklin testified that in July 2013, she lived in Bettendorf, Iowa, with her husband, Robert Bey, had been continuously living in Bettendorf since June 2012 and had no plans to move from the State of Iowa. Defendants also allege that Franklin testified that she had changed her name from Elibah Franklin to Elibah Bey in December 2012 after marrying Robert Bey. Defendants argue that "[a]t the times that the [Complaint] and the notice of removal were filed, . . . Franklin . . . was domiciled in the [S]tate of Iowa, and a citizen of the [S]tate of Iowa." Motions at 4. Defendants contend that "[s]ince . . . Franklin . . . and . . . Simmons are both citizens of the [S]tate of Iowa, and were both citizens of the [State of Iowa] at the time of removal, complete diversity between all [p]laintiffs and all [d]efendants does not exist . . . and the court does not have subject matter jurisdiction." *Id*.

Franklin argues that "jurisdiction . . . is supported upon several bases including diversity and upon 'federal question' where there has been a violation of a [f]ederal statute by the Defendants." Resistance at 5. Franklin contends that Defendants violated the Federal Motor Carrier Safety Regulations ("FMCSR"), Title 49, Parts 350-399 and that "[t]hese violations of [f]ederal law entitle[] the [c]ourt to jurisdiction and entitle [her] to punitive damages." *Id.* Moreover, Franklin states that she pled "violations of the [f]ederal statu[t]es in her [Complaint]." *Id.* at 8. Franklin argues that "[w]hether the Defendants[] have violated the FMCSR is a question of [f]ederal law presenting subject matter jurisdiction on this [c]ourt" and that "[t]he citizenship of the parties in this [f]ederal question case has no relevance to subject matter jurisdiction of this [c]ourt." *Id.* at 9.

With regard to Defendants' allegation that Franklin was a citizen of Iowa at the time the Complaint was filed and at the time of removal, Franklin states that her name, that is, Elibah Franklin, and address, that is, 1584D Patton Court, Rock Island, Illinois, 61701, in the Complaint are correct. Franklin states that her current name is now "Ms. Franklin Bey" and that "[s]he started using this name after she was married to Mr. Bey." *Id.* at 14-15. Franklin claims that she "uses her maiden name"[5] on certain occasions and lived at the Illinois address "when she was in the Army but moved from this address when she left the Army." *Id.* Franklin claims that she used the Franklin name and the Illinois address before she got married and moved in with her husband. Franklin also states that she still receives mail at the Illinois address. Notably, Franklin does not contest Defendants' assertion that she lived in Bettendorf, Iowa continuously since June 2012 and had no plans

---

[5] It appears that Franklin's maiden name is Elibah Baht Israel Malapane. Franklin married Keith Franklin in February of 2006 and was known as Elibah Baht Israel Franklin from February 2006 until December 2012, when she changed her name to Elibah Bey. *See* Franklin's Deposition at 11.

6

to move from her home in Bettendorf. Franklin also does not inform the court when she left the Army.

### 2. *Applicable law*

"Federal courts are courts of limited jurisdiction," and the threshold requirement in every federal case is jurisdiction. *Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Any party or the court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Original subject matter jurisdiction can be established in two ways: (1) by alleging a claim arising under federal law, *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); or (2) by alleging diversity of citizenship between the parties, *see* 28 U.S.C. § 1332(a)(1) and (a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . (1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state.").

"[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Id.* That is, in "the vast majority of cases," if the complaint does not "allege

that federal law creates any of the causes of action that [it] ha[s] asserted," then the complaint does not assert a federal question. *Id.* at 809. A federal question is also raised when "'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (quoting *Franchise Tax Bd.*, 463 U.S. at 27-28). However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817 (quoting 28 U.S.C. § 1331).

The Supreme Court has long held that to invoke diversity jurisdiction, complete diversity of citizenship must exist between all plaintiffs and all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A person is a citizen in the state in which they are domiciled. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) ("For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous."). "To establish domicile, an individual must both be physically present in the state and have the intent to make his [or her] home there indefinitely." *Id.* "Once an individual has established his [or her] domicile, he [or she] remains domiciled there until he [or she] legally acquires a new domicile." *Id.* "[O]ne may have only one domicile at a time and a domicile once established persists until a new one is acquired." *Janzen v. Goos*, 302 F.2d 421, 425 (8th Cir. 1962). "The burden of persuasion for establishing diversity jurisdiction . . . [is] on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "When [diversity jurisdiction is] challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id.* at 96-97. "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced

8

or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). The court is required to resolve all doubts about whether the court has jurisdiction in favor of remand. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).

### 3. *Application*

#### i. *Federal question jurisdiction*

In the Complaint, Franklin asserts five claims: (1) negligence against Simmons; (2) negligence against Con-Way; (3) negligent entrustment against Con-Way; (4) punitive damages against Con-Way; and (5) negligent hiring and retention against Con-Way. All of these claims are state law claims, and none of them "'arise under' federal law" because federal law does not create any of the causes of action that Franklin asserts. *See Merrell Dow*, 478 U.S. at 808.

Moreover, Franklin's "'right to relief [does not] necessarily depend[] on resolution of a substantial question of federal law.'" *Peters*, 80 F.3d at 260 (quoting *Franchise Tax Bd.*, 463 U.S. at 27-28). In the Complaint, Franklin alleges that Simmons was negligent for nine reasons, only one of which implicates federal law. *See* Complaint ¶ 11. With respect to Franklin's claims against Con-Way, the Complaint does not allege that Con-Way violated any federal law; rather, it alleges that Con-Way was negligent, including that (1) "Con-Way breached its duty owed to [Franklin] and failed to properly supervise, train, instruct and teach . . . Simmons," *id.* ¶ 15; (2) "Con-Way knew, or had reason to know that . . . Simmons'[s] driving involved an unreasonable risk of harm to the public and others," *id.* ¶ 19; and (3) "Con-Way had a duty to use reasonable care to select an employee who was competent and qualified and fit to perform the duties required as a truck driver," *id.* ¶ 29. Although Franklin contends that some of her claims implicate federal law, Franklin's "'right to relief [does not] necessarily depend[] on resolution of a substantial question of federal law.'" *Peters*, 80 F.3d at 260 (quoting *Franchise Tax Bd.*,

9

463 U.S. at 27-28). All of Franklin's claims against Simmons and Con-Way can be resolved by state common law negligence principles and do not necessarily depend on whether Simmons or Con-Way violated a federal statute. The only claim that Franklin asserts against Con-Way that references a federal statute is the claim for punitive damages, *id.* ¶ 24, but that, too, may be resolved by the state common law regarding punitive damages and does not necessarily implicate federal law.

Accordingly, the court concludes that it does not have jurisdiction over *Franklin* based on federal question jurisdiction.

### ii. *Diversity jurisdiction*

Both at the time the Complaint was filed and the time of removal, the parties were not completely diverse. Franklin filed the Complaint on July 19, 2013. In Franklin's deposition, Franklin testified that she began living at the Bettendorf, Iowa address in June 2012, she lived there on July 19, 2013, and she continues to live there. She considers the Bettendorf address her permanent home. Defendants removed the case on September 13, 2013. Although Franklin did not specifically testify that she lived at the Bettendorf address at the time of removal, the deposition as a whole indicates that Franklin has been living at the Bettendorf address continuously from June 2012 to the date of her deposition, which includes September 13, 2013. Franklin claims that she used the Franklin name and the Illinois address before she married and moved in with her husband. Franklin also states that she still receives mail at the Illinois address. However, Franklin presents no "competent proof" of these facts, *see Hertz Corp.*, 559 U.S. at 96, and, even if the court accepted these facts as true, the court would still find that Franklin is an Iowa citizen for purposes of diversity jurisdiction because Iowa is her domicile. Franklin moved to Iowa in June 2012 with her child and while pregnant with another child who was due in two months. Six months later, she married Robert Bey, and the two lived together in Iowa. The family lived in Iowa through July 2013, when the Complaint was filed, and continues

10

to live there. Franklin considers the Bettendorf address her permanent address. The record contains no competent evidence that Franklin was domiciled in a place other than Iowa at the time the Complaint was filed or at the time of removal; rather, all competent evidence in the record supports a finding that Iowa was Franklin's domicile both at the time the Complaint was filed and at the time of removal. Therefore, Franklin is a citizen of Iowa for purposes of diversity jurisdiction. Since Simmons is also a resident of Iowa, *see* Complaint ¶ 2; Simmons's Answer (docket no. 8) ¶ 2, there is not complete diversity among the parties in *Franklin*.

Accordingly, the court concludes that it does not have jurisdiction over *Franklin* based on diversity jurisdiction.

### B. Davis *Remand*

In the Motions, Defendants state that "[s]ince the court does not have subject matter jurisdiction over [*Franklin*] and it must be remanded to state court, and since all parties agree to a remand of [*Davis*], the court should use its discretion to remand [*Davis*] to state court for further proceedings as well." Brief in Support of the Motion (docket no. 39-1) at 13. Since subject matter jurisdiction over *Franklin* is lacking, *Franklin* and *Davis* have been consolidated for all purposes, including trial, and Defendants and Davis consent to the remand of *Davis*, the court finds that it is appropriate to remand *Davis* to state court along with *Franklin*.

### C. Attorney's Fees

#### 1. *Parties' arguments*

In the Motions, Defendants request costs and actual expenses, including attorney fees,[6] under 28 U.S.C. § 1447(c) due to "Franklin's [bad faith] failure to disclose the true

---

[6] Franklin hired Jay B. Dorsey to represent her in this action. Resistance at 15. Pursuant to an agreement between Franklin and Dorsey to allow Dorsey to "hire any
(continued…)

11

facts concerning her citizenship in her [Complaint] or thereafter up to the time of her deposition on June 3, 2014." Brief in Support of the Motion at 14 (emphasis omitted). Defendants contend that Rowley, "without reasonable excuse, failed to disclose the facts relating to . . . Franklin['s] . . . true citizenship." *Id.* at 15. In addition, Defendants accuse Franklin's counsel of "doggedly conceal[ing] the facts for months after the removal." *Id.* Defendants concede that, as the removing party, "they have a responsibility to investigate the facts concerning the citizenship of the parties prior to removing," but they state that they "reasonably relied on the allegations made by . . . Rowley, a member of the Iowa bar, concerning the domicile of his alleged client." *Id.* at 15-16. Defendants state that "[t]his is particularly true when, at the time Defendants were considering removal, [Franklin] and her counsel had failed to disclose that [Franklin's] name had changed in addition to her address." *Id.* at 16. Defendants contend that "[t]he affirmative misrepresentations made by Rowley, which were directed or approved by Dorsey, caused significant additional costs in the case, wasted the time of this court, and prolonged the litigation of not only [*Franklin*], but also [*Davis*]." *Id.* Defendants request that the court require Dorsey, Rowley and Schwickerath "to pay just costs and actual expenses of the Defendants resulting from the removal under 28 U.S.C. § 1447(c) due to their reckless or willful failure to disclose facts necessary to determine jurisdiction at the time of removal and for nearly a year thereafter." *Id.* at 16-17. Defendants concede that "it is rare for defendants to seek costs and attorneys' fees under 28 U.S.C. § 1447(c) upon

---

[6](…continued)
person needed to prosecute [Franklin's] case," Dorsey associated with Nicholas C. Rowley for the filing of the Complaint. *Id.* Nathaniel W. Schwickerath also represents Franklin in this case. Since filing the Complaint, Rowley has not participated in this case. *See* Motions at 5-6. Dorsey is the only one of Franklin's attorneys who signed the Resistance. Nonetheless, they are all responsible for each others' actions.

12

remand of a case that they removed to federal court." *Id.* at 14. However, Defendants contend that it is not unprecedented. *Id.*

In the Resistance, Franklin states that "the name in the [Complaint] and address are correct," Resistance at 14, for the reasons discussed in Part IV.A.1. Franklin states that "[i]t was the duty of the Defendants to check all of the facts for the bases of diversity prior to its removal to the [f]ederal [c]ourt." *Id.* at 15. Franklin contends that "[t]o transfer this action back to state court, after all of this discovery, is only to start over discovery at a great expense to [the parties], especially now that a trial date has been set." *Id.* at 16. Franklin also asserts that "[b]y transferring this matter back to state court, defense counsel will next try to remove the [f]ederal issues so that there will be no mention of the gross violations of the FMCSR by [Defendants] and the per se violations of the statutes." *Id.* Aside from claiming that Franklin's name and address in the Complaint are correct, Franklin does not respond to Defendants' argument that Franklin's counsel actively concealed Franklin's true name and address.

### 2. *Applicable law*

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Although § 1447(c) expressly permits an award of attorney's fees, it provides little guidance on when such fees are warranted." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005).

In *Martin*, the plaintiffs filed a class-action lawsuit against the defendant. *See id.* The defendant removed the case on the basis of diversity of citizenship, arguing that the amount in controversy was satisfied because "punitive damages and attorney's fees could be aggregated in a class action to meet the amount-in-controversy requirement." *Id.* Later, the plaintiffs moved to remand the case because their claims did not satisfy the amount-in-controversy requirement. *Id.* The federal district court denied the motion to

13

remand, but on appeal, the Tenth Circuit Court of Appeals stated that the case should have been remanded to state court, in part based on decisions issued after the federal district court's decision to deny the motion to remand. *Id.* at 135. At the federal district court, the plaintiffs moved for attorney's fees pursuant to 28 U.S.C. § 1447(c). *Id.* The federal district court stated that while the removal was improper, the defendant "had legitimate grounds for believing this case fell within th[e] [c]ourt's jurisdiction" because the defendant "had objectively reasonable grounds to believe the removal was legally proper." *Id.* (first alteration in original) (citation omitted) (internal quotation marks omitted). After the Tenth Circuit held that the federal district court did not abuse its discretion in not awarding attorney's fees because the "basis for removal was objectively reasonable," *id.*, the United States Supreme Court granted the plaintiff's writ of certiorari.

According to the Supreme Court, there is no presumption in favor of or against attorney's fees. *See id.* at 138-39. The awarding of fees under 28 U.S.C. § 1447(c) is left to the district court's discretion, subject to certain standards. *See id.* at 139. The Supreme Court reasoned that "[i]f fee shifting were automatic, defendants might choose to exercise [the right to remove] only in cases where [this right] was obvious . . . [,] [b]ut there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Id.* at 140. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* The Supreme Court stated that "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* Accordingly, the Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing

14

party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. In other words, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* The Supreme Court left it to district courts' discretion in applying this rule to "unusual circumstances," for instance, stating that a court's decision to award fees may be affected by "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." *Id.* However, "[w]hen a court exercises its discretion . . . , its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

As a general rule, "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. The entirety of the *Martin* opinion discusses when the non-removing party may recover attorney's fees from the party who improperly removed a case to federal court. Even the "unusual circumstances" reflect the situation in which the non-removing party, usually the plaintiff, attempts to collect attorney's fees from the party who improperly removed the case pursuant to 28 U.S.C. § 1447(c). The Supreme Court noted that a court may consider the *plaintiff's* conduct, that is, whether the plaintiff "delay[ed] in seeking remand or fail[ed] to disclose facts necessary [for the removing party] to determine jurisdiction" in determining whether to award the *plaintiff* fees for the defendant's improper removal. *Id.* at 141. In other words, the plaintiff's conduct may have some bearing on whether it can recover fees if the plaintiff failed to disclose certain facts necessary to determine jurisdiction. The Supreme Court, however, does not explicitly discuss whether a court may award the removing party fees pursuant to 28 U.S.C. § 1447(c) based on the plaintiff's failure to disclose certain facts regarding jurisdiction.

"Defendants could find no Eighth Circuit authority on the question" of whether defendants may be awarded "attorneys' fees under 28 U.S.C. § 1447(c) upon [their motion to] remand . . . a case that they removed to federal court," and the court is aware of no

15

such case. Brief in Support of the Motion at 14. Other courts, however, have concluded that in certain cases, a defendant who both removes and requests that a case be remanded may recover fees. In *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467 (7th Cir. 2011), the defendant removed a case on the basis of diversity jurisdiction and, ten months later, moved to remand the case because the amount in controversy was not satisfied. *See id.* at 468-70. In that case, it was clear early in the discovery process that the amount in controversy was not satisfied, but the defendant waited until after a failed settlement conference to file a motion to remand. *See id.* at 469. The Seventh Circuit affirmed the magistrate's decision not to award the defendant fees pursuant to 28 U.S.C. § 1447(c), but stated that awarding fees to a removing defendant was not foreclosed by the statute. The Seventh Circuit stated that "the statute says nothing about limiting the right to fees to plaintiffs" and though "it is unusual for a defendant to seek fees and costs associated with removal when it is the party that chose the federal forum after the plaintiff filed in state court[,] . . . such cases are not unheard of." *Id.* at 470. The Seventh Circuit cited *Vaughan v. McArthur Bros. Co.*, 227 F. 364 (8th Cir. 1915) as one such case in which the Eighth Circuit, based on The Jurisdiction and Removal Act of 1875, sec. 5, 18 Stat. 470 (1875), awarded fees to the defendant who had removed the case when the plaintiff failed to inform the court that there was no basis for diversity jurisdiction after years of litigation. *See id.* In *Vaughan*, the statute in question stated that if the parties or the court discovers that it does not have jurisdiction over a removed case, the court "shall dismiss the suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just." *Vaughan*, 227 F. at 366 (quoting The Jurisdiction and Removal Act of 1875, sec. 5, 18 Stat. 470 (1875)).

    *3.    Application*

Defendants argue that "other courts have permitted awards to defendants when plaintiff's conduct was sufficiently improper to warrant an award under the broad language

of 28 U.S.C. § 1447(c)." Brief in Support of the Motion at 14; *see, e.g.*, *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1302-03 (M.D. Ala. 2001) (awarding costs to the defendant pursuant to 28 U.S.C. § 1447(c) when the plaintiffs sought to limit their damages to below the jurisdictional amount after removal); *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp. 366, 369-71 (E.D. Pa. 1995) (awarding costs and fees to the defendant based on the broad language of 28 U.S.C. § 1447(c) when, after removal, the plaintiff claimed that one of the nominal defendants was no longer a nominal defendant, thus destroying complete diversity and requiring a remand of the case to state court); *Barraclough v. ADP Auto. Claim Servs., Inc.*, 818 F. Supp. 1310, 1313 (N.D. Cal. 1993) (awarding costs and fees to the defendant pursuant to 28 U.S.C. § 1447(c) when the plaintiff twice confirmed that she was pursuing a claim under the Americans with Disabilities Act and then renounced such claim after concluding that pursuing her case in federal court would be disadvantageous). Notably, none of these cases came after *Martin* and none of these cases awarded fees to a defendant who had both removed the case and moved to remand.[7]

Although the court is not aware of any case in which a defendant who both removes the case and moves to remand a case has been awarded fees pursuant to 28 U.S.C. § 1447(c), the court finds that the facts of this case warrant awarding costs and fees to Defendants. Rowley signed and filed the Complaint in the Iowa District Court for Cedar County and averred himself as Franklin's attorney. Pursuant to Iowa Rule of Civil Procedure 1.413, "[c]ounsel's signature to every . . . pleading . . . shall be deemed a certificate that . . . counsel has read the . . . pleading . . . ; that to the best of counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded

---

[7] In *Brooks* and *Barraclough*, the plaintiff moved to remand the case. *See Brooks*, 153 F. Supp. 2d at 1300; *Barraclough*, 818 F. Supp. at 1311. In *Shrader*, the court raised the issue of jurisdiction *sua sponte*. *See Shrader*, 880 F. Supp. at 367.

in fact and is warranted by existing law." Iowa R. Civ. P. 1.413(1); *see also Iowa Supreme Court Attorney Disciplinary Bd. v. Barnhill*, __ N.W.2d __, __, 2014 WL 2434600, at *11 (Iowa 2014) (recognizing that "counsel's signature to various documents certifies counsel has read the document and to the best of counsel's knowledge, it is well grounded in fact"). In the Complaint, Rowley held out Franklin as being a "resident of the state of Illinois" and living at the Rock Island address. Complaint ¶ 1. In fact, Franklin did not live at the Rock Island address when the Complaint was filed on July 19, 2013; rather, she lived at the Bettendorf, Iowa address. *See* Franklin's Deposition at 15. Moreover, Rowley did not provide Franklin's current name, that is, Elibah Bey, which could have alerted Defendants that Franklin had moved.[8] *See id.* at 14-15. Even more concerning is that Franklin never reviewed the Complaint with any of her counsel prior to it being filed, which would likely have alerted Franklin to the inaccurate address and prevented this case from ever being removed to federal court. *See id.* at 14. Certainly, if Rowley or other counsel would have reasonably inquired into the facts alleged in the Complaint, they would have found them to be false. Defendants, who only had thirty days to remove the case after receiving a copy of the Complaint, *see* 28 U.S.C. § 1446(b), are entitled to rely on the representations in the Complaint for purposes of removal, especially representations as basic as the plaintiff's name and address.

In the context of *Martin*, a plaintiff may recover fees pursuant to 28 U.S.C. § 1447(c) if the defendant's removal was objectively unreasonable. *See Martin*, 546 U.S. at 136. Since the text of 28 U.S.C. § 1447(c) does not restrict recovery of fees to plaintiffs, the court finds it appropriate to extend this rule to recovery of fees for defendants. *Cf. Micrometl Corp.*, 656 F.3d at 470. That is, if a plaintiff's conduct that caused the defendant to improperly remove the case was objectively unreasonable, the

---

[8] The court notes, however, that Franklin lived at the Bettendorf address under the Franklin name prior to changing her name to Elibah Bey.

18

court may award fees to the defendant upon a motion to remand. In this case, for the reasons discussed above, plaintiff's conduct was objectively unreasonable.

Accordingly, the court orders Franklin to pay "costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The parties are instructed to confer with each other in good faith to determine such costs and expenses incurred as the result of the removal. If the parties are unable to agree, Defendants are instructed to file an application for fees consistent with the relevant provisions in Local Rule 54.1.

## V. CONCLUSION

In light of the foregoing, Defendants and Third-Party Plaintiffs Con-Way Freight, Inc. and Kenneth Lee Simmons's "Motion to Remand" (docket no. 39) is **GRANTED**. Defendants Con-Way Freight and Kenneth Lee Simmons's "[Second] Motion to Remand" (No. 13-CV-92, docket no. 21) is also **GRANTED**. *Davis v. Simmons et al.*, No. 13-CV-92-LRR and *Franklin v. Simmons et al.*, No. 13-CV-93-LRR are **REMANDED** to the Iowa District Court for Cedar County. The Clerk of Court is **DIRECTED** to take appropriate steps to effectuate such remand.

The court retains jurisdiction of this case solely with regard to the court's award of costs and expenses to Defendants pursuant to 28 U.S.C. § 1447(c). Consistent with the court's findings above, Plaintiff Elibah Franklin is **ORDERED** to pay Defendants and Third-Party Plaintiffs Con-Way Freight, Inc. and Kenneth Lee Simmons's costs and expenses pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is **DIRECTED** to **SATISFY** all pending motions in both cases as **MOOT** and to **CLOSE THESE CASES**.

**IT IS SO ORDERED.**

**DATED** this 24th day of July, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA