**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| THOMAS SCOTT DAVIS,<br><br>      Plaintiff,<br><br>vs.<br><br>KENNETH LEE SIMMONS and CON-WAY FREIGHT, INC.,<br><br>      Defendants. | No. 13-CV-92-LRR |
| ELIBAH FRANKLIN,<br><br>      Plaintiff,<br><br>vs.<br><br>KENNETH LEE SIMMONS and CON-WAY FREIGHT, INC.,<br><br>      Defendants.<br><br>and<br><br>CON-WAY FREIGHT, INC., and KENNETH LEE SIMMONS,<br><br>      Third-Party Plaintiffs,<br><br>vs.<br><br>THOMAS SCOTT DAVIS,<br><br>      Third-Party Defendant. | No. 13-CV-93-LRR |

*TABLE OF CONTENTS*

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

II.  RELEVANT PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . *3*

III. RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . *4*

IV.  ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    A.   **Franklin** *and* **Davis** *Remand*. . . . . . . . . . . . . . . . . . . . . . . . *5*
        1.   *Parties' arguments*. . . . . . . . . . . . . . . . . . . . . . . . . *5*
        2.   *Applicable law and application*. . . . . . . . . . . . . . . . . . . *6*
    B.   *Attorney's Fees*. . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

V.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

## *I. INTRODUCTION*

The matter before the court is Plaintiff Elibah Franklin's "Motion for Reconsideration of the Court's Order Relating to Costs and Attorney Fees" ("Motion") (docket no. 49).[1] This case arises from an August 2011 truck-motorcycle accident in which a truck owned by Con-Way and driven by Simmons, who was employed by Con-Way, collided with a motorcycle driven by Plaintiff and Third-Party Defendant Thomas Scott Davis. Plaintiff Elibah Franklin was a passenger on the motorcycle.

---

[1] On February 25, 2014, Chief Magistrate Judge Jon S. Scoles granted Defendants Kenneth Lee Simmons and Con-Way Freight, Inc.'s ("Con-Way") (collectively, "Defendants") Motion to Consolidate Cases, which they filed in *Davis v. Simmons et al.*, No. 13-CV-92-LRR (hereinafter, *Davis*) (No. 13-CV-92, docket no. 10), on January 14, 2014, and which they filed in *Franklin v. Simmons et al.*, No. 13-CV-93-LRR (hereinafter, *Franklin*) (docket no. 24), on February 6, 2014. February 25, 2014 Order (docket no. 26). The February 25, 2014 Order consolidated the cases for all purposes, including trial. Unless otherwise noted, documents referenced and docket numbers cited in this Order correspond to *Franklin*.

## II. RELEVANT PROCEDURAL HISTORY

On July 19, 2013, Franklin filed a Petition ("Complaint") (docket no. 3) in the Iowa District Court for Cedar County, Case No. LACV035270. In the Complaint, Franklin asserts five claims: (1) negligence against Simmons; (2) negligence against Con-Way; (3) negligent entrustment against Con-Way; (4) punitive damages against Con-Way; and (5) negligent hiring and retention against Con-Way. On July 22, 2013, Davis filed a Petition (No. 13-CV-92, docket no. 3) in the Iowa District Court for Cedar County, Case No. LACV035273, asserting identical claims against Simmons and Con-Way. On September 13, 2013, Con-Way removed both of these actions to this court on the basis of diversity jurisdiction. *See* Notice of Removal (docket no. 1); Notice of Removal (No. 13-CV-92, docket no. 1). At the time of removal, Con-Way was the only defendant who had been served. *See* Notice of Removal (No. 13-CV-93) ¶ 3; Notice of Removal (No. 13-CV-92) ¶ 3. Simmons was served with the Complaint on September 23, 2013,[2] and he filed Answers (docket no. 8), (No. 13-CV-92, docket no. 7), on September 30, 2013.

On June 20, 2014, Defendants filed a "Motion to Remand" (docket no. 39) and "[Second] Motion to Remand" (No. 13-CV-92, docket no. 21) (collectively, "Motions to Remand"). After the Motions to Remand were fully briefed, the court granted the Motions to Remand. *See* July 24, 2014 Order (docket no. 47); *id.* (No. 13-CV-92, docket no. 27).[3]

---

[2] Although there is no docket entry specifically indicating on which date Simmons was served with the Complaint, the court presumes that Franklin's assertion that Simmons was served on September 23, 2013, is correct. *See* Motion ¶ 8.

[3] The court remanded *Franklin* because it found that at the time the Complaint in *Franklin* was filed and at the time of removal, Simmons and Franklin were citizens of the same state, which divested the court of diversity jurisdiction. The court remanded *Davis* based on the consent of the parties.

On August 3, 2014, Franklin filed the Motion. On August 18, 2014, Defendants filed an Amended Resistance (docket no. 53).[4] On August 25, 2014, Franklin filed a Reply (docket no. 55). The Motion is fully submitted and ready for decision.

### III. RELEVANT FACTUAL BACKGROUND

In the Complaint, Franklin's name is listed as "Elibah Franklin" and her address is listed as 1584D Patton Court, Rock Island, Illinois, 61701. *See* Complaint ¶ 1.

On June 3, 2014, Franklin testified in a deposition that she moved to 2901 Chateau Knolls, Bettendorf, Iowa, at the end of June 2012, six months prior to marrying Robert Bey. Franklin's Deposition (docket no. 39-2) at 11-12. At the time she moved to Bettendorf, Franklin lived with her child, Kyla Franklin, and she was pregnant with her daughter, Aliyah Bey, who was born on August 10, 2012. *Id.* at 12-13. Franklin testified that she continues to live at the Bettendorf address and that she lived there on July 19, 2013, the date the Complaint was filed. *Id.* at 11, 15. Franklin confirmed that the Bettendorf address was not a temporary address but a permanent one, given that she still lived there as of the date of the deposition, that is, June 3, 2014. *Id.* at 13. Franklin stated that she did not have any other home in July 2013 and that it was her primary residence at that time. *Id.* at 14. At the deposition, Defendants' counsel showed Franklin the Complaint, and Franklin testified that she had not seen it before. *Id.* at 14. Franklin stated that on the date the Complaint was filed, that is, July 19, 2013, her name was not Elibah Franklin as indicated in the Complaint, but that it was Elibah Bey.[5] *Id.* at 14-15. Franklin also testified that the address listed on the Complaint, that is, 1584D Patton Court, Rock Island, Illinois, 61701, was not her address on July 19, 2013; rather, Franklin

---

[4] Defendants originally filed the Resistance on August 15, 2014 (docket no. 51), but they made non-substantive amendments to the Resistance three days later.

[5] Although Plaintiff Elibah Franklin's current name is Elibah Bey, the court refers to her as Franklin because the caption of the case still lists her as Elibah Franklin.

4

confirmed that she lived at the Bettendorf address on the date the Complaint was filed. *Id.* at 15.

## IV. ANALYSIS

In the Motion, Franklin requests that the court reconsider its July 24, 2014 Order in which it remanded both *Franklin* and *Davis* to state court and awarded attorney's fees to Defendants pursuant to 28 U.S.C. § 1447(c). The court first addresses Franklin's arguments relating to the remand of *Franklin* and *Davis* to state court and then addresses Franklin's arguments relating to attorney's fees.

### *A.* **Franklin** *and* **Davis** *Remand*

#### 1. *Parties' arguments*

In the Motion, Franklin states that when Con-Way removed the cases on September 13, 2013, Simmons had not yet been served in either case. Franklin contends that since Simmons did not consent to the removal within thirty days of service, that is, by October 23, 2013, the causes of action against him remain in state court.[6] Franklin argues that

---

[6] This is the first time that Franklin has made this argument, which is not appropriate under the Eighth Circuit Court of Appeals's interpretation of Federal Rule of Civil Procedure 59. *See Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993) ("A Rule 59(e) motion 'cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment.'" (quoting *Woods v. City of Michigan City*, 940 F.2d 275, 280 (7th Cir. 1991))). It is not surprising that this is the first time that Franklin has made this argument given that she initially opposed Defendants' Motion to Remand and argued that both cases should remain in federal court. Nonetheless, the court will address Franklin's argument.

Franklin's contention that her claims against Simmons in *Franklin* remain in state court is at best inconsistent and at worst it represents either a lack of understanding of basic civil procedure or a disingenuous argument. When Defendants moved to remand these cases to state court, Franklin resisted the motion to remand and stated that "both Defendants filed motions to remove this matter to this [court]. Plaintiffs did not object to the transfer of the separate cases." Resistance to the Motion to Remand (docket no. 42) at 3. Never did Franklin argue that the case had been severed, with Franklin's action
(continued…)

5

"[s]ince the Simmons action was never properly removed from [s]tate [c]ourt, there was no need to remand [*Franklin*] and the [c]ourt should not have granted fees and costs against [Franklin]." Motion ¶ 13. Franklin makes one new argument in the Reply.[7] Franklin argues that since Simmons was a citizen of the forum state at the time of removal, that is, Iowa, removal was improper pursuant to 28 U.S.C. § 1441(b)(2).

Defendants argue that Con-Way's removal of *Franklin* was proper, the court's remand of both cases was proper and "any argument Franklin may have with respect to improvident removal has been waived." Resistance at 4 (emphasis omitted).

### 2. *Applicable law and application*

"Removal is authorized by 28 U.S.C. § 1441 and governed by § 1446." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002). "Where several defendants are jointly sued in a state court on a joint cause of action, the suit, as a general rule, may not be removed to federal court on diversity grounds unless all the defendants

---

[6](…continued)
against Simmons remaining in state court and Franklin's action against Con-Way removed to this court. In resisting the Motion to Remand, Franklin never argued, as she does now, that "[w]hen . . . Simmons moved to remand there was no action to remove for lack of diversity because the Simmons action remained in Iowa [s]tate [c]ourt." Brief in Support of the Motion at 8. Moreover, 28 U.S.C. § 1446(d) requires the state court to proceed no further after notice is provided and Iowa state court records show that there have been no filings in the state action after removal. State court records may be accessed at http://www.iacourts.state.ia.us. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing a court's ability to take judicial notice of public records).

[7] Local Rule 7(g) provides that "the moving party may, within 7 days after a resistance to a motion is served, file a reply brief, not more than 5 pages in length, to assert newly-decided authority or to respond to new and unanticipated arguments made in the resistance." LR 7(g). Not only was the Reply more than five pages in length, it also made an argument that was not based on any "newly-decided authority" or in response to "new and unanticipated arguments," which is not permitted under Local Rule 7(g). Nonetheless, because Franklin's new argument relates to subject matter jurisdiction, the court will address it.

6

join in the removal." *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967). This rule is subject to three exceptions, one of which is "when a co-defendant has not been served at the time the removal petition is filed." *Jones v. Kremer*, 28 F. Supp. 2d 1112, 1113 n.2 (D. Minn. 1998) (citing *Bradley*, 382 F.2d at 419); *see also Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) ("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal."); *cf.* 28 U.S.C. § 1446(a)(2)(A) (stating that "all defendants who have been properly joined and served must join in or consent to the removal of the action" when the case is removed based on diversity jurisdiction).

In this case, Con-Way was the only defendant served at the time of removal, that is, September 13, 2013, and, therefore, despite Simmons not joining or consenting to the removal at that time, removal of *Franklin* was proper. *See Roberts*, 354 F. Supp. 2d at 1044. Con-Way's removal had the effect of bringing the entire case to this court, not just Franklin's claims against Con-Way. In the event a subsequently served defendant objects to the removal of the case, 28 U.S.C. § 1448 states that, after removal, such defendant shall have a "right to move to remand the case." 28 U.S.C. § 1448; *see also* 28 U.S.C. § 1447(a) (permitting the district court to bring proper parties before it). "[T]here is inter-jurisdictional disagreement regarding how a non-removing co-defendant must express consent to removal." *Christiansen v. West Branch Comm. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012). However, in the Eighth Circuit Court of Appeals, "it is not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal.'" *Id.* (alteration in original) (quoting *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008)).

7

Even if the court accepts Franklin's argument that Simmons was required to consent to the removal within thirty days of service[8] and that his filing of an answer in this court within the thirty-day period was not a "timely filed written indication" of his consent, *Christiansen*, 674 F.3d at 932 (quoting *Pritchett*, 512 F.3d at 1062) (internal quotation marks omitted), Franklin's argument that her claims against Simmons were always in state court or should have been remanded to state court for improper removal must fail. As discussed above, the removal of a case has the effect of removing an entire case, not just claims against the removing party, to federal court. To the extent Franklin's Motion is construed as a motion to remand, despite Franklin's previous position of resisting Defendants' Motion to Remand, 28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Notice of Removal was filed on September 13, 2013, and Franklin did not move to remand within the thirty-day deadline. Even if Franklin were given thirty days after Simmons was served to move to remand, which would be October 23, 2013, Franklin was still untimely in moving to remand. Any objection that Franklin had to the removal of this case to federal court needed to be made long ago. Accordingly, to the extent Franklin asks the court to find that since her claims against Simmons were "never properly

---

[8] At least one district court in the Eighth Circuit disagrees with this position. In *Roberts*, the district court reasoned that because "the only action contemplated by [28 U.S.C.] § 1448 to be taken upon the post-removal service of a previously unserved defendant is for the defendant to move to remand the case to [s]tate court . . . [,] the statute confers no rights upon a plaintiff to move to remand a matter on the basis of any action or inaction of [the subsequently served] defendant." *Roberts*, 354 F. Supp. 2d at 1045; *see also Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) ("The statute itself contemplates that after removal[,] process or service may be completed on defendants who had not been served in the state proceeding. The right which the statute gives to such a defendant to move to remand the case confers no rights upon a plaintiff.").

8

removed from [s]tate court, there was no need to remand the action and the [c]ourt should not [have] granted fees and costs against [Franklin]," Motion ¶ 13, the Motion shall be denied.

There is also no merit to Franklin's argument in the Reply that since Simmons was a citizen of the forum state at the time of removal, that is, Iowa, removal was improper pursuant to 28 U.S.C. § 1441(b)(2). 28 U.S.C. § 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Simmons *was not* properly served at the time of removal and, therefore, 28 U.S.C. § 1441(b)(2) is not applicable. All the cases Franklin cites in support of her position that removal was improper because Simmons was a forum defendant are inapposite. For example, Franklin cites *Fields v. Organon USA, Inc.*, 2007 WL 4365312 (D.N.J. Dec. 12, 2007) as "address[ing] precisely this issue." Reply at 11. In fact, the facts of *Fields* are entirely distinguishable. In *Fields,* the court stated that Organon, an unserved forum-state defendant, "is subject to the restrictions of § 1441(b) regardless of whether it had been properly served at the time of removal" because "permit[ting] a forum-state defendant to remove before service is effectuated . . . would run counter to the policy underlying diversity jurisdiction." *Fields*, 2007 WL 4365312, at *3. However, the court went on to note that it is "well settled that a non-forum defendant will not necessarily be barred from removal by the forum defendant rule where a forum defendant is joined, but not served." *Id.* at *4; *see also Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180-81 (S.D.N.Y. 2003); *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002) ("[A]n unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)."). This latter illustration, in which a non-forum defendant (Con-Way) removes before the forum defendant

9

(Simmons) is served is precisely the situation here and, accordingly, Franklin's argument is without merit. The court takes issue with Franklin citing a case in support of a proposition for which it clearly and unequivocally does not stand.

Franklin's flip-flopping is unacceptable. First, Franklin filed her claims in state court, presumably because she wanted to be there. Franklin did not resist Con-Way's removal of the case to federal court and she did not move to remand the case for improper removal in a timely fashion after Simmons allegedly failed to join or consent to the notice of removal. Rather, Franklin proceeded in this court on her claims and filed nothing in state court. Months later, when Defendants discovered that this court did not have subject matter jurisdiction on account of Franklin's citizenship, Franklin resisted Defendants' motion to remand without any reasonably legitimate grounds to do so. Then, after the court awarded costs and fees to Defendants on account of Franklin providing an incorrect name and address in her Complaint, Franklin reversed course and insisted, for the first time, that her claim against Simmons had always been in state court, presumably so the court would not award costs and fees based on her claims against Simmons. Finally, in the Reply, Franklin argues for the first time that her claim against Con-Way was improperly removed on account of Simmons being a citizen of the forum state, presumably so the court would not award Defendants costs and fees related to her claims against Con-Way. The actions of Franklin's counsel border on the ridiculous.

### B. *Attorney's Fees*

In the Motion, Franklin argues that the court erred in awarding costs and fees to Defendants. The court has thoroughly reviewed Franklin's arguments and the newly cited authority and is not persuaded that it committed any error in its July 24, 2014 Order. Accordingly, to the extent the Motion requests that the court reverse its July 24, 2014 Order awarding costs and attorney's fees against Franklin and to Defendants, and instead

award costs and attorney's fees against Defendants and to Franklin, the Motion shall be denied.

## V. CONCLUSION

In light of the foregoing, Plaintiff Elibah Franklin's "Motion for Reconsideration of the Court's Order Relating to Costs and Attorney Fees" (docket no. 49) is **DENIED**. The court retains jurisdiction of this case solely with regard to the court's award of costs and expenses to Defendants pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

**DATED** this 3rd day of September, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA